UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV151-H

| | |
|---|---|
| **FIRST UNION RAIL CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| **SPRINGFIELD RAILWAY TERMINAL** ) | |
| **COMPANY, PORTLAND TERMINAL** ) | |
| **COMPANY, MAINE RAILROAD COMPANY,** ) | |
| **and BOSTON AND MAINE CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Compel Past Due Discovery Responses" (document #20) and "Memorandum in Support ..." (document #21), both filed December 13, 2006; and the Defendants' "Response ... " (document #22) filed December 20, 2006. On December 22, 2006, the Plaintiff filed its "Reply ..." (document #23).

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and the Plaintiff's Motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Plaintiff's Motion, as discussed below.

On March 30, 2006, the Plaintiff filed this action to recover "car hire for use of rail cars," that is, in layman's terms, rental payments from the Defendant Springfield Terminal Railway Company and its subsidiaries, Defendants Portland Terminal Company, Maine Railroad Company, and Boston and Maine Corporation, for their use of the Plaintiff's railroad cars, plus compensation for damage to one of the cars. The Plaintiff alleges that as of September 21, 2006, when its filed its "First

Supplemental Complaint," the Defendants owed $194,523.78 for car hire and $74,161.52 for rail car damage. See Document #13 at 7. In their Answer to the Plaintiff's Supplemental Complaint, the Defendants admitted that they were generally delinquent on the car hire payments, but disputed the amount of the arrearage, and also admitted that one of the Plaintiff's rail cars had been destroyed. See Document #17 at 2 and 3.

On October 6, 2006, the Plaintiff served its "First Discovery Requests," which consist of interrogatories and requests to produce documents.

On November 15, 2006, the undersigned conducted the Initial Pretrial Conference ("IPC") in chambers with the parties' respective counsel. During this discussion it was apparent that the Defendants did not seriously dispute that they owed the Plaintiff most, if not all, of the amounts the Plaintiff seeks, but rather that the principal issue is the Defendants' ability and/or willingness to pay it. On that topic, defense counsel could not state whether the Defendants would consent to entry of a formal judgment for a sum certain, but suggested that the Plaintiff serve a Request for Admission asking the Defendants to admit or deny that they owed a sum certain as of a specific date.[1]

Defense counsel acknowledged at the IPC that the Defendants' responses to the Plaintiff's First Discovery Requests were overdue, but suggested that the Plaintiff consider obtaining the requested information by deposing the Defendants' principal officers and decision-makers. However, at no time during counsels' discussion with the Court did defense counsel request that the outstanding discovery requests be withdrawn, nor did Plaintiff's counsel indicate that he intended to withdraw them.

---

[1]Because the Defendants continue to use the Plaintiff's rail cars and have made at least one partial payment since this action was filed, the exact amount owed was and remains a "moving target."

On November 16, 2006, the Plaintiff served its Requests for Admissions on the Defendants.

On December 13, 2006, the Plaintiff filed the subject Motion to Compel responses to its First Discovery Requests.

On December 18, 2006, the Defendants served their Responses to the Plaintiff's Requests for Admissions, admitting that as of November 15, 2006, they owed the Plaintiff a principal sum of $330,955.00, denied that they were able to pay more than $100,000 of that indebtedness, but also admitted that on December 30, 2005, Defendant Springfield had extended a $7.2 million line of credit to another Springfield subsidiary, Boston-Maine Airways Corporation.

Despite repeated letters and telephone calls from Plaintiff's counsel to defense counsel, as well as the filing of the subject Motion, the Defendants have still not responded to the Plaintiff's First Discovery Requests, which seek, among other things, the identification of the persons with knowledge of and production of documents concerning the Defendants' ability to pay the amounts they now admit they owe.

In their Response to the Plaintiff's Motion, the Defendants contend only that their counsel has suggested a more "expeditious" route for resolving this matter, that is, the use of the Requests for Admissions followed by depositions, as opposed to requiring the Defendants to incur the expense of responding to the Plaintiff's other discovery requests. The Defendants have not objected to the substance of those requests and, moreover, it is apparent that in order for the Plaintiff to meaningfully depose the Defendant's principals on the remaining topic of the Defendants' ability to pay, the Plaintiff must first have an opportunity to review the Defendants' written discovery responses.

Accordingly, the undersigned will <u>grant</u> the Plaintiff's Motion to Compel the Defendants to

respond to the Plaintiff's First Discovery Requests.

**NOW THEREFORE, IT IS ORDERED**:

1. The Plaintiff's "Motion to Compel Past Due Discovery Responses" (document #20) is **GRANTED**. <u>On or before January 31, 2007, the Defendants shall answer completely and without objection each of the Plaintiff's First Discovery Requests</u>.

2. The parties shall bear their own costs <u>at this time</u>, however, the Defendants are cautioned that any further failure to respond to the Plaintiff's First Discovery Requests or to any other of the Plaintiff's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions, including being required to pay the Plaintiff's costs, including reasonable attorney's fees.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: December 27, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge