# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06CV151-H

| | |
|---|---|
| **FIRST UNION RAIL CORPORATION,**  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>**SPRINGFIELD RAILWAY TERMINAL**  )<br>**COMPANY, PORTLAND TERMINAL**  )<br>**COMPANY, MAINE RAILROAD COMPANY,** )<br>**and BOSTON AND MAINE CORPORATION,** )<br>)<br>**Defendants.**  )<br>) | <u>**MEMORANDUM AND ORDER**</u><br><u>**AND JUDGMENT**</u> |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Summary Judgment" (document #27) filed April 6, 2007, and the parties' related briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and the Plaintiff's Motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Plaintiff's Motion and <u>enter</u> Judgment for the Plaintiff, as discussed below.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On March 30, 2006, the Plaintiff filed this action to recover "car hire for use of rail cars," that is, in layman's terms, rental payments from the Defendant Springfield Terminal Railway Company and its subsidiaries, Defendants Portland Terminal Company, Maine Railroad Company, and Boston and Maine Corporation, for their use of the Plaintiff's railroad cars, plus compensation for damage

to one of the cars. In its "First Supplemental Complaint," filed September 21, 2006, the Plaintiff sought to recover $194,523.78 for car hire through June 30, 2006, and $74,161.52 for rail car damage. See Document #13 at 7. In their Answer to the Plaintiff's Supplemental Complaint, the Defendants admitted that they were generally delinquent on the car hire payments, but disputed the amount of the arrearage. The Defendants also admitted that one of the Plaintiff's rail cars had been destroyed while in their possession and use. See Document #17 at 2 and 3.

On November 15, 2006, the undersigned conducted the Initial Pretrial Conference ("IPC") in chambers with the parties' respective counsel. During this discussion it was apparent that the Defendants did not seriously dispute that they owed the Plaintiff most, if not all, of the amounts the Plaintiff seeks, but rather that the principal issue was the Defendants' ability and/or willingness to pay it. On that topic, defense counsel could not state whether the Defendants would consent to entry of a formal judgment for a sum certain, but suggested that the Plaintiff serve a Request for Admission asking the Defendants to admit or deny that they owed a sum certain as of a specific date.[1]

On November 16, 2006, the Plaintiff served its Requests for Admissions on the Defendants.

On December 18, 2006, the Defendants served their Responses to the Plaintiff's Requests for Admissions, admitting that they owed the Plaintiff a principal sum of $330,955.00 as of November 15, 2006; that they were able to pay $100,000 of that indebtedness; and that on December 30, 2005, Defendant Springfield had extended a $7.2 million line of credit to another Springfield subsidiary, Boston-Maine Airways Corporation.

---

[1] Because the Defendants continue to use the Plaintiff's rail cars and have made at least one partial payment since this action was filed, the exact amount owed was and remains a "moving target."

On April 6, 2007, the Plaintiff filed it Motion for Summary Judgment, initially seeking entry of judgment in the amount of $360,199, that is, the $330,955 that the Defendants had admitted they owe, plus $65,445 for car hire incurred after June 30, 2006; plus $13,799 for a repair invoice dated January 13, 2006; minus a $50,000 partial payment that the Defendants made on January 19, 2007. The Plaintiff also seeks prejudgment interest calculated using the 8% interest rate stated in N.C. Gen. Stat. § 24-5 governing prejudgment interest on state court actions for breach of contract.

In their Response, the Defendants concede that the "Plaintiff is entitled to summary judgment," and that the Plaintiff is entitled to recover prejudgment interest. The Defendants contend, however, that the appropriate rate of interest is that provided by 28 U.S.C. § 1961.[2]

In their initial brief, the Defendants also made a generalized assertion – that is, a one sentence unsupported statement – that the Plaintiff failed to credit a $50,000 partial payment that the Defendants made on October 9, 2006. The Plaintiff, however, has provided detailed calculations and supporting documentation, in the form of the "Affidavit of Richard Seymour," who serves as the Plaintiff's Vice President-Sales/Marketing, which establish that the Plaintiff did include that October 2006 payment in calculating the amount the Defendants owe. See Exhibit 1 to "Motion for Summary Judgment" (document #27). Moreover, as discussed above, in their Response to the Plaintiff's Requests for Admissions, served more than two months after the subject $50,000 was paid, the Defendants admitted that the Plaintiff's calculation is correct through November 15, 2006.[3]

In their Surreply, however, the Defendants contend that the principal amount that the Plaintiff

---

[2] 28 U.S.C. § 1961 provides for interest at "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System," which the parties agree is a lower rate than the 8% provided by applicable state law.

[3] Subsequently, defense counsel informed chambers' staff telephonically that the Plaintiff has properly accounted for the October 2006 partial payment.

3

is presently entitled to recover includes car hire only through June 30, 2006, not additional amounts that accrued through December 31, 2006 (the additional $65,445 the Defendants initially sought in their Motion), which was not within the scope of the Supplemental Complaint.

On May 30, 2007, the Plaintiff filed their "Notice of Amount for Summary Judgment" in which they withdraw their request that the Judgment include car hire that accrued post June 30, 2006. See Document #36. Specifically, the Plaintiff stipulates that the present Judgment be limited to $328,625 in principal plus prejudgment interest, so long as the Judgment is without prejudice to the Plaintiff's right to recover separately in future litigation such other amounts as it may be owed by the Defendants, including car hire and/or damage to rail cars that accrued after June 30, 2006.[4]

The parties agree that post-judgment interest accrues at the rate provided by 28 U.S.C. 1961.

Accordingly, as briefed, the Plaintiff's Motion presents a single issue, whether prejudgment interest accrues at the state or federal rate.

The Plaintiff's Motion has been fully briefed and is, therefore, ripe for disposition.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted when the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and. . . the moving party is entitled to a judgment as a matter of law." See also Charbonnages de France v. Smith, 597 F.2d 406 (4th Cir. 1979). Once the movant has met its burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

---

[4] In its Notice, the Plaintiff calculated that prejudgment interest on this amount at North Carolina's statutory 8% rate was $31,974.67 as of May 30, 2007, plus $72.04 per day thereafter.

A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any event, a "mere scintilla of evidence" is insufficient to overcome summary judgment. Id. at 249-50.

When considering summary judgment motions, courts must view the facts and the inferences therefrom in the light most favorable to the party opposing the motion. Id. at 255; Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990); Cole v. Cole, 633 F.2d 1083 (4th Cir. 1980). Indeed, summary judgment is only proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotations omitted).

As the parties' agree, whether to award prejudgment interest at the federal or applicable state rate is left to the broad discretion of the district court. Hitachi Credit America Corp. v. Signet Bank, 166 F.3d 614, 633 (4th Cir. 1999) (applying Virginia law to determine prejudgment interest); and United States v. Dollar Rent A Car Systems, Inc., 712 F. 2d 938, 940 (4th Cir. 1983) ("determination of a certain rate of prejudgment interest is generally a matter of discretion," but also noting that other "[c]ourts have held that state law applied to questions involving prejudgment interest in diversity cases"), citing Clissold v. St. Louis-San Francisco Railway, 600 F.2d 35, 38-39 (6th Cir. 1979) and American Insurance Co. v. First National Bank in St. Louis, 409 F.2d 1387, 1392 (8th Cir. 1969).

Several factors support applying the higher state law prejudgment interest rate in this case. Most importantly, the Defendants have never disputed that they owe the Plaintiff car hire, but rather have taken advantage of the fact that their use of the Plaintiff's cars is ongoing – which given the nature of our national rail system, the Plaintiff is apparently unable to prevent – and, consequently,

that the amount they owe the Plaintiff is a steadily increasing "moving target."

In other words, rather than enter into a consent judgment or series of them for amounts they concede they owe, the Defendants have forced the Plaintiff to go to the extra expense of litigation and discovery to obtain admissions of a sum certain as of a particular date. Additionally, although the Defendants admitted in December 2006 that they could pay at least an additional $100,000 of the debt they owe the Plaintiff, they have chosen to pay only half that amount.

Finally, the Defendants give every indication that they intend to continue to force the Plaintiff to result to litigation concerning future car hire, as evidenced by the fact that they have objected to car hire that accrued after June 30, 2006 being included in the present Judgment, even though the Defendants do not dispute they owe additional debt.

In short, where the Defendants have relied on entirely procedural defenses to delay the Plaintiff's efforts to collect what it is otherwise clearly entitled to recover, the undersigned concludes that the Defendant should pay interest at the higher, state law rate on what has essentially become a series of short term loans they have essentially wrested from the Plaintiff without its consent.

### III. ORDER AND JUDGMENT

**NOW THEREFORE, IT IS ORDERED**:

1. The Plaintiff's "Motion for Summary Judgment" (document #27) is **GRANTED** and **JUDGMENT** in favor of the Plaintiff is **ENTERED** against the Defendants, jointly and severally, in the principal amount of $360,671.71 with interest from this date at the rate allowed by federal law, as well as costs of court.

2. The principal amount includes $328,625.00 owed by the Defendants through June 30,

2006, plus prejudgment interest of $32,046.71.

3. This Judgment is <u>without prejudice</u> to the Plaintiff's right to recover separately in future litigation such other amounts as it may be owed by the Defendants, including car hire and/or damage to rail cars that accrued after June 30, 2006.

4. The Clerk is directed to send copies of this Memorandum and Order and Judgment to counsel for the parties.

**SO ORDERED, ADJUDGED, AND DECREED**.

Signed: May 31, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge